IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO GOMEZ, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-3341-D |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the order of reference filed December 16, 2014 (Doc. 17), before the Court is the

*Government's Response to Motion for Return of Property and Motion to Dismiss for Failure to State*

*a Claim and Brief in Support*, filed December 9, 2014  (Doc. 16).  Based on the relevant findings

and applicable law, the motion should be converted into a motion for summary judgment and

**GRANTED in part and DENIED in part**.

## I. BACKGROUND

On January 11, 2013, the Dallas Police Department (DPD), assisted by the U.S. Immigration

and Customs Enforcement (ICE) agency, investigated a home for possible drug activity involving

possible illegal immigrants.  (Doc. 15 at 5.)[1]  In connection with that investigation, DPD officers

arrested Antonio Gomez (Plaintiff) for possession of cocaine, methamphetamine, heroin, and

marijuana.  (*Id.* at 5, 9.)  They also seized $2,675.00 in cash, 1069.8 grams of cocaine, 27.4 grams

of methamphetamine, 8.4 grams of heroin, 2.5 grams of marijuana, five drug ledgers, assorted

packaging and paperwork, two Pyrex dishes, one spoon, one lease agreement, six keys, two signed

---

[1]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

consent to search forms, one lock box, and ammunition. (*Id.* at 11-12, 18.) After his arrest, Plaintiff

was booked into the Dallas County Jail, and all property taken from his home was placed in DPD's

property room. (*Id.* at 12.) Federal agents were not involved in Plaintiff's physical arrest,

transportation to the Dallas County Jail or booking, or in the seizure of any property. (*Id.* at 5–6,

10.)

On March 8, 2013, Plaintiff was charged by federal criminal complaint with conspiracy to

distribute a controlled substance in violation of 21 U.S.C. § 846. (*See* 3:13-CR-114-D, doc. 1.)

DPD transferred Plaintiff and a small plastic bag of personal items, including two cell phones, to

the custody of ICE Task Force Officer Michael Bali (TFO Bali) on March 12, 2013.[2] (3:14-CV-

3341-D, doc. 15 at 6.) Later that month, during a meeting later between the United States Attorney's

Office, Plaintiff, and his attorney, TFO Bali attempted to return the personal items to Plaintiff's

attorney because Plaintiff was prohibited from possessing them while in the custody of the United

States Marshal. (*Id.* at 7.) The attorney refused to accept them on Plaintiff's behalf. (*Id.*) TFO Bali

asked Plaintiff for the name of an authorized agent who could take possession of his personal items

on his behalf, but Plaintiff did not provide any names. (*Id.*) Subsequently, TFO Bali transferred the

property to the Texoma High Intensity Drug Trafficking Area (HIDTA) office in Irving, Texas,

where it is currently stored. (*Id.*) ICE has never had possession of Plaintiff's vehicles, personal

jewelry, or $2,700.00 in cash. (*Id.* at 6.)

On April 2, 2013, Plaintiff was charged by federal indictment with conspiracy to distribute

---

[2] The other items personal items in the bag were "$119.70 in cash, . . . pair of sandals, wallet, miscellaneous paperwork, deodorant, soap, 2 spoons, small toothpaste, crackers, 2 bag[s] of Honey Buns, bag of pretzel pieces, pencil, 2 ketchup packages, Styrofoam cup, black head band, white string cross necklace, Ramen noodles, and an empty bag of dried coffee." (Doc. 15 at 6.) TFO Bali placed all of the personal items into a clear plastic evidence bag and sealed it. (*Id.*)

a controlled substance in violation of 21 U.S.C. § 846.  (*See* 3:13-CR-114-D, doc. 29.)  Plaintiff

entered a plea of guilty pursuant to a plea agreement in the criminal case on June 14, 2013.  (*See*

3:13-CR-114-D, doc. 51.)  His plea was accepted, and on September 27, 2013, he was sentenced to

a term of imprisonment of 70 months.  (*See* 3:13-CR-114-D, docs. 76, 77.)

On September 11, 2014, Plaintiff filed a motion for the return of property under Rule 41(g)

of the Federal Rules of Civil Procedure.[3]  (*See* 3:13-CR-114-D, doc. 91.)  He sought to recover

property allegedly seized during his arrest, including a 2004 Nissan Sentra, a 2004 Dodge, $2,700.00

in cash, jewelry, and two cell phones.  (*Id.*)  Because his criminal case had already concluded, on

September 15, 2014, Plaintiff's motion was construed as a new civil action under 28 U.S.C. § 1331

seeking the return of property.  (*See* 3:13-CR-114-D, doc. 94; 3:14-CV-3341-D, doc. 3.)

On December 9, 2014, the United States of America (Defendant) moved to dismiss the new

civil action.  (Doc. 16 at 1.)  Plaintiff did not respond, and the motion is ripe for consideration.

## II. MOTION TO DISMISS - RULE 12(b)(6)

Defendant moves to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6), arguing that

Plaintiff "fails to state a plausible claim upon which relief can be granted."  (Doc. 16 at 8.)

A.      **Motion to Dismiss Standard**

Motions to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be

granted are disfavored and rarely granted.  *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).

Under the 12(b)(6) standard, a court cannot look beyond the pleadings.  *Spivey v. Robertson*, 197

F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  Pleadings must

show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.  *Guidry v.*

---

[3] The motion for return of property was entitled, "Notice of Appeal."  (Doc. 4 at 1.)

*Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts

as true and view them in the light most favorable to the plaintiff.  *Baker*, 75 F.3d at 196.  "[A] well-

pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts

is improbable, and 'that a recovery is very remote and unlikely.'"  *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 556 (2007) (citation omitted).  Although "detailed factual allegations" are not necessary,

a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the ele-

ments of a cause of action will not do."  *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained

in a complaint is inapplicable to legal conclusions").  The alleged facts must "raise a right to relief

above the speculative level."  *Twombly*, 550 U.S. at 555.  In short, a complaint fails to state a claim

upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that

is plausible on its face."  *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows
> the court to draw the reasonable inference that the defendant is liable for the miscon-
> duct alleged. The plausibility standard is not akin to a "probability requirement," but
> it asks for more than a sheer possibility that a defendant has acted unlawfully.
> Where a complaint pleads facts that are "merely consistent with" a defendant's liabil-
> ity, it "stops short of the line between possibility and plausibility of 'entitlement to
> relief.'"

*Iqbal*, 556, U.S. at 678 (citations omitted).  When plaintiffs "have not nudged their claims across the

line from conceivable to plausible, their complaint must be dismissed."  *Twombly*, 550 U.S. at 570;

*accord Iqbal*, 556 U.S. at 678.

"Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint.

*In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley*

*Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Documents "attache[d] to a motion to dismiss are

4

[also] considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003).  Lastly, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994).

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion.  *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196.  When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion.  *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz  Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. Oct. 5, 2007).  "If . . . matters outside the pleading[s] are presented to and not excluded by the court," however, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  FED. R. CIV. P. 12(d).  Rule 12(d) requires only that the non-movant be given notice that "the district court could treat the motion as one for summary judgment, not [whether] the court would in fact do so."  *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990) (citing *Isquith*, 847 F.2d at 193).  "A non-moving party receives adequate notice when it is aware that the movant has placed matters outside the pleadings before the district court for its review."  *Guiles v. Tarrant Cnty. Bail Bond Bd.*, 456 F. App'x 485, 487 (5th Cir. Jan. 5, 2012).

Here, in support of its Rule 12(b)(6) motion, Defendant submitted a declaration and copies of a DPD arrest report and money tag relating to the seizure of Plaintiff's property.  (Doc. 15 at

1–18.)  Because these documents are neither attached nor referred to in Plaintiff's complaint, and

they are not matters of public record, Defendant has placed matters outside of the pleadings before

the Court for its review.  Plaintiff has therefore received adequate notice under Rule 12(d) that the

motion could be treated as a summary judgment.  He had an opportunity to respond to Defendant's

motion and present his own evidence, although he failed to do so.  Plaintiff is therefore not

prejudiced by conversion of the motion into one for summary judgment.  *See Williams v. Potter*,

3:07–CV–1255–L, 2008 WL 1848458, at *5 n. 1 (N.D. Tex. Apr. 23, 2008) (finding no prejudice

where the non-movant had an opportunity to respond and also filed documents with her response

to the motion to dismiss).  Accordingly, Defendant's motion should be converted into a motion for

summary judgment under Rule 56.[4]

### III. MOTION FOR SUMMARY JUDGMENT - RULE 56

Defendant argues that Plaintiff's motion for the return of property should be denied because

it attempted to return the property that it had, that property is and always has been available for

recovery, and it never possessed the remainder of the property he seeks.  (Doc. 16 at 7-8.)

**A.**      **Summary Judgment Standard**

Summary judgment is appropriate when the pleadings and evidence on file show that no

genuine issue exists as to any material fact and that the moving party is entitled to judgment as a

matter of law.  FED. R. CIV. P. 56(c)(2).  "[T]he substantive law will identify which facts are

material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material

fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving

---

[4] The fourteen-day period for objection to this recommendation pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) also provides the requisite notice that the Court has accepted matters outside the pleadings for consideration and that the motion to dismiss is being considered as a motion for summary judgment. *See Goss v. American Elec. Power*, No. 07–CV–2070, 2008 WL 2051761, at *2 (W.D. La. Apr. 15, 2008).

party." *Id.* Typically, a movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, discovery and disclosure materials on file, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. FED. R. CIV. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249. While all of the evidence must be viewed in a light most favorable to the motion's opponent, neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322–23.

Generally, the courts liberally construe the pleadings of a pro se plaintiff. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). However, the courts have no obligation under Rule 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indent. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v.*

*Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).  Instead, a party opposing summary

judgment must "identify specific evidence in the record" that supports the challenged claims and

"articulate the precise manner in which that evidence supports [a challenged] claim." *Ragas*, 136

F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

**B.**     **Cell Phones & Other Personal Items**

Defendant contends that it is entitled to summary dismissal of Plaintiff's motion for the

return of his cell phones and other personal items because it attempted to return the property, and

it is and has always been available for recovery from ICE.  (Doc. 16 at 7-8.)

Because Defendant concedes that it possesses the cell phones that Plaintiff seeks to have

returned, there is no genuine issue of material fact concerning its possession of this property.  *See*

*Celotex*, 477 U.S. at 323.  Denial of a motion for the return of property is appropriate where the

government does not possess the property.  *See Bailey v. United States*, 508 F.3d 736, 740 (5th Cir.

2007) (stating that a motion for return of property should be denied if the district court found that

the government no longer possessed the property).  Defendant cites no authority to support its

contention that it is entitled to denial of Plaintiff's motion for return of cell phones that it admittedly

still possesses because it unsuccessfully attempted to return the property, and the property has been

available for recovery.

A person whose property has been seized in connection with criminal proceedings is

presumed to have a right to its return once it is no longer needed as evidence.  *See United States v.*

*Oduu,* 564 F. App'x 127, 130 (5th Cir. 2014) (citing *United States v. Dean*, 100 F. 3d 19, 20 (5th

Cir. 1996) (per curiam)); *see also Mora v. United States*, 955 F.2d 156, 161 (2d Cir. 1992) ("If the

government has [the defendant's] property, it should be returned to him.").  Consistent with this

presumption, courts have ordered the return of seized property that is still in the government's

possession.  *See Longinos-Ruiz v. United States*, No. 4:12–CV–400–Y, 2013 WL 1785380, at \*4

(N.D. Tex. Apr. 1, 2013) (granting motion for return of property in the government's possession and

ordering its return to the prisoner plaintiff's designee); *Mizell v. United States,* No. A-10-CA-452-

LY, 2011 WL 221695, \*2 (W.D. Tex. Jan. 24, 2011) (recommending that motion for return of

property in the government's possession that had not been forfeited or that would be improper for

the plaintiff to possess be granted); *see also United States v. Rodriguez*, No. EP–08–CR–1865–PRM,

2011 WL 5854369, at \*18-19 (W.D. Tex. Feb. 18, 2011) (recommending that guns be released to

non-relative trustee for sale and distribution of proceeds to prisoner plaintiff who would be legally

prohibited from possessing them).

Because it concedes that it still possesses the property, Defendant's motion for summary

judgment on Plaintiff's claim for his cell phones should be denied, and Plaintiff's motion for return

of this property should be granted.

**C.      Vehicles, Jewelry and $2700 Cash**

Defendant asserts that it is entitled to judgment on Plaintiff's claim for his vehicles, jewelry,

and $2,675.00 in cash because it has never possessed this property.  (Doc. 16 at 6.)  It provides

evidence that ICE agents were not involved in the seizure of any property during Plaintiff's arrest,

and ICE never had possession of Plaintiff's vehicles, jewelry, or $2,675.00 in cash, even after he was

transferred into its custody.  (Doc. 15 at 6.)  Defendant also submitted an arrest report and money

tag indicating that DPD officers seized $2,675.00 from Plaintiff during his arrest.[5]  (*Id.* at 12, 18.)

---

[5] Plaintiff's arrest report specifically states, "$2,765.00 of U.S. currency was seized and placed in money
tag # 9479M."  (Doc. 15 at 12.)

9

Defendant has met its summary judgment burden to show that it was never in possession of the remaining property.

The burden now shifts to Plaintiff to provide evidence that Defendant possessed the remaining property he seeks. He did not respond or point to evidence to meet this burden.[6] (Doc. 4 at 2.) By failing to go beyond the pleadings and designate specific facts showing that ICE seized his remaining property, Plaintiff has failed to show that there is a genuine issue of material fact for trial. "[T]he government cannot return property it does not possess[.]" *Bailey*, 508 F.3d at 740. Because Plaintiff failed to identify a genuine issue of material fact concerning Defendant's possession of his vehicles, jewelry, or $2,675.00 in cash, Defendant's motion for summary judgment as his claim for this property should be granted. *See Jaramillo–Gonzalez v. United States*, 397 F. App'x 978, 981 (5th Cir. 2010) (affirming grant of summary judgment where the plaintiff sought return of property that had been destroyed); *Bailey*, 508 F.3d at 740 (stating that a motion for return of property should be denied if the district court found that the government no longer possesses the property); *Peña v. United States*, 157 F.3d 984, 987 (5th Cir.1998) (finding that Rule 41 motion for return of property that had been destroyed was properly denied).[7]

## IV. OPPORTUNITY TO AMEND

The Fifth Circuit has held that where a plaintiff seeks the return of property that has been

---

[6] Plaintiff's motion for the return of property merely states, "On January 11, 2013, the property was seized from the potential claimant, Antonio Gomez, who was arrested by the Immigration and Customs Enforcement and have remained or are in the custody of the United States office . . . ." (Doc. 4 at 2.)

[7] *See also United States v. Smith*, 253 F. App'x 242, 243 (3d Cir. 2007) (affirming the denial of a motion for return of money seized by state police officers after a traffic stop where the money never transferred to the federal government); *United States v. Marshall*, 338 F.3d 990, 995 (9th Cir.2003) (noting that "the government cannot be forced to return property that it never possessed"); *United States v. Solis*, 108 F.3d 722, 723 (7th Cir.1997) (finding that Rule 41 motion was properly denied where the federal government had never been in possession of a vehicle seized by county sheriffs).

10

destroyed, he may then seek monetary damages for the destroyed property pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 422 (1971), which provides for an action for monetary damages against a federal official or officials for the alleged violation of a person's constitutional rights. *See Jaramillo–Gonzalez v. United States*, 397 F. App'x 978, 981 (5th Cir. Oct. 20, 2010). Where facts necessary for a *Bivens* claim exist, a plaintiff should be given an opportunity to amend his complaint. *See Peña v. United States*, 157 F.3d 984, 987 n. 3 (5th Cir. 1998) (noting that because a dismissal of the Rule 41(g) claim by a pro se party under sovereign immunity functions the same as the disfavored dismissal of a pro se complaint under Rule 12(b) (6), "a court should grant a pro se party every reasonable opportunity to amend").

Here, there is no evidence that Defendant destroyed Plaintiff's property. Defendant acknowledges that it stored Plaintiff's cell phones and personal items at a secure facility and never possessed the remaining property sought by Plaintiff. (*See* Docs. 15 at 7; 16 at 5.) Plaintiff never submitted a response to dispute this evidence. As there is no evidence of a constitutional violation, e.g., property destroyed by a federal official, there is no cognizable *Bivens* claim that Plaintiff may amend his complaint to assert.

Nor is there a cognizable federal claim that Plaintiff may assert against DPD for the remaining property. A civil rights action under 42 U.S.C. § 1983 is the counterpart to a *Bivens* action and extends to parties injured by state actors. *See Carlson v. Green*, 446 U.S. 14, 18 (1980). Section 1983 "provides a federal cause of action for deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). Whether intentional or negligent, however, "random and

11

unauthorized" deprivation of property neither violates the Constitution nor states a claim under §

1983 when adequate state post-deprivation remedies are available. *See Hudson v. Palmer*, 468 U.S.

517, 533 (1984).

Texas law provides adequate state post-deprivation remedies, including a state action against

the state actor for the Texas tort of conversion. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir.

2009) (citing *Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994)).  Because Plaintiff has

available state post-deprivation remedies, any § 1983 claim against DPD would be subject to

dismissal for failure to state a claim under Rule 12(b)(6). *See Humphries v. Cnty. of Dekalb*, 165

F.3d 24 (5th Cir. 1998) (unpublished) ("Although pro se plaintiffs are generally given 'every

reasonable opportunity to amend' their pleadings, that is unnecessary when the opportunity would

be futile." (citation omitted)); *Briggs v. Miss.*, 331 F.2d 499, 508 (5th Cir. 2003) (stating that an

amendment would be futile if such amended complaint "could not survive a Fed. R. Civ. P. 12(b)(6)

motion").  No opportunity to amend is therefore warranted.

## V.  RECOMMENDATION

Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be converted into

a motion for summary judgment.  The motion should be **GRANTED** as to Plaintiff's claim for the

return of vehicles, jewelry, and approximately $2700 in cash, and Plaintiff's motion for return of this

property should be denied.  The motion should be denied as to Plaintiff's claim for his two cell

phones, and Plaintiff's motion for return of this property should be granted.  Because he is still

incarcerated and cannot possess the cell phones in prison, Plaintiff should be ordered to file a

document with the Court within 30 days that designates the name, address and contact information

for the person he wishes to receive the cell phones and other personal items on his behalf.

Defendant should be ordered to release the cell phones and other personal items to that person within 30 days from the date that the designation is filed.[8]

**SO RECOMMENDED on this 7th day of April, 2015.**

_Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. _See_ 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. _See Douglass v. United Servs. Automobile Ass'n_, 79 F.3d 1415, 1417 (5th Cir. 1996).

_Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[8] _See Longinos-Ruiz_, 2013 WL 1785380, at \*4 (ordering the prisoner plaintiff to file a document setting forth the name and contact information for a designee who would receive his property from the government on the plaintiff's behalf).